IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES CLEMONS; HALEY CLEMONS; and COREY PRESTON, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> NEW MODEL LOGISTICS LLC; VALIANT MANAGEMENT & HOLDINGS LLC; WITT SAFETY SERVICES LLC; METRO BLUE LINE PROTECTION & SECURITY SERVICES LLC; and PHIL VICKERS <br><br> Defendants. | CASE NO. 3:25-cv-207-DJH <br><br> **JURY DEMAND** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Plaintiffs James Clemons, Haley Clemons, and Corey Preston bring this action against Defendants New Model Logistics LLC, Valiant Management & Holdings LLC, Witt Safety Services LLC, Metro Blue Line Protection & Security Services LLC, and Phil Vickers to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these FLSA claims as a collective action on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Plaintiffs also bring this action against Defendants to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Kentucky Wages and Hours Act ("KWHA"), KRS 337, *et seq.* Plaintiffs further request that the Court impose civil penalties upon Defendants, pursuant to KRS 337.990(1), (5), and (7). Plaintiffs assert these KWHA claims as a class action lawsuit, pursuant to Kentucky law and Rule 23 of the Federal Rules of Civil

1

Procedure, on behalf of themselves and all similarly situated individuals.

3. Further, Plaintiffs bring this action against Defendants to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290, *et seq*. Plaintiffs assert these Missouri wage and hour claims as a class action lawsuit, pursuant to Missouri law and Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated individuals.

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because at least part of the claims arose in this judicial district.

## II. PARTIES

**A.     Plaintiffs**

7. Plaintiff James Clemons is an individual who resides in Frankfort, Kentucky, and has, at all times relevant to this Complaint, been a citizen of the Commonwealth of Kentucky. Plaintiff has been an employee of Defendants since April 2021 and has regularly performed work for Defendants in this judicial district.

8. Plaintiff Haley Clemons is an individual who resides in Frankfort, Kentucky, and has, at all times relevant to this Complaint, been a citizen of the Commonwealth of Kentucky.

Plaintiff has been an employee of Defendants since April 2021 and has regularly performed work for Defendants in this judicial district.

9. Plaintiff Corey Preston is an individual who resides in Louisville, Kentucky, and has, at all times relevant to this Complaint, been a citizen of the Commonwealth of Kentucky. Plaintiff has been an employee of Defendants and has regularly performed work for Defendants in this judicial district.

**B.  Defendants**

10. Defendant New Model Logistics LLC is a Kentucky limited liability company principally located in Louisville, Kentucky, and doing business in the Western District of Kentucky.

11. Defendant Valiant Management & Holdings LLC is a Kentucky limited liability company principally located in Simpsonville, Kentucky, and doing business in the Western District of Kentucky.

12. Defendant Witt Safety Services LLC is a Kentucky limited liability company principally located in Louisville, Kentucky, and doing business in the Western District of Kentucky.

13. Defendant Metro Blue Line Protection & Security Services LLC is a Kentucky limited liability company principally located in Louisville, Kentucky, and doing business in the Western District of Kentucky.

14. Defendant Phil Vickers is an individual who, upon information and belief, resides in Louisville, Kentucky, is a citizen of the Commonwealth of Kentucky, and is the owner and operator of Corporate Defendants.

15. Defendants comprise a single integrated enterprise and jointly operate to provide

lost prevention and security services in the United States, including in the Western District of Kentucky. Because the work performed by Plaintiffs and all other members of the putative class simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiffs and other similarly situated employees under the broad definition of "employer."

16. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

17. Defendants have at all relevant times been an employer within the meaning of the FLSA, KWHA, and Missouri law.

### III. FACTS

18. Defendants provide loss prevention and security services to multiple companies across the United States. Specifically, and mainly, Defendants provide these services to Ford Motor Company in Louisville, Kentucky and Kansas City, Missouri.

19. These loss prevention and security services include protecting vehicles in parking lots owned and operated by Ford and other companies with which Defendants contract.

20. Defendants employ security personnel, who are misclassified as independent contractors, including Plaintiffs, who have the same primary job duty: to guard lots owned and operated by companies who have contracted with Defendants.

21. Plaintiffs and those similarly situated regularly worked over 40 hours a week exclusively for Defendants.

22. As an example, for the week from December 8, 2024, through December 14, 2024, Plaintiff James Clemons worked 109 hours at a rate of $35.00 an hour without any overtime compensation.

23. For the week from January 5, 2025, through January 11, 2025, Plaintiff Haley Clemons worked 131.98 hours at a rate of $35.00 an hour without any overtime compensation.

24. Plaintiffs and those similarly situated worked many such weeks without overtime compensation.

25. Defendants require all new security personnel, including Plaintiffs, to go through an application process.

26. Once hired by Defendants, all new security personnel, including Plaintiffs, are required to undertake mandatory training designed and implemented by Defendants. Further, Defendants require all security personnel to undergo ongoing quarterly training.

27. Often, this mandatory training is to update security personnel on Defendants' Standard Operating Procedures, which Defendants require all security personnel to follow.

28. Further, Defendants manage the day-to-day operations of the security services they provide and assign managers to supervise the security personnel. Along with required training, these managers enforce Defendants' Standard Operating Procedures.

29. An example of how Defendants' managers control day-to-day operations and enforce Standard Operating Procedures can be found in the text below from one of Defendant's managers:

> Reminder: please read and understand all Documents contained within the Logbook. If it is written in the Logbook, then please take it as the Gospel Truth. Do not create "your own policy or change a policy to your personal needs."

30. Moreover, Defendants' managers are empowered to enforce the Standard Operating Procedures by disciplining security personnel if the Standard Operating Procedures are not followed, as seen in the message below:

> We are allowed to clock in 15 minutes early. We are no

longer allowed to clock out late at the 15 minutes past the end of your shift. Also, if you clock in late, you're not allowed to stay beyond your scheduled shift to make up for the lost time. If you Clock in late 2 times- a warning will be issued. A second occurrence- one week suspension with loss of presets. A third occurrence will be forfeiture of your contract.

31. Defendants' control the day-to-day operations and enforce the Standard Operating Procedures through their managers to such an extent that managers often visit the work sites to audit their security personnel.

32. Moreover, Defendants installed security cameras at their sites and assign "security monitors" to watch security personnel. Security monitors then notify security personnel when they are not following the Standard Operating Procedures.

33. Further, Plaintiffs and those similarly situated, are an integral part of Defendants' business model. Defendants' business model is built on loss prevention and security services. Without Plaintiffs and those similarly situated. Defendants would not be able to operate.

34. Defendants also controlled the scheduling for Plaintiffs and those similarly situated. Defendants maintain the power to reschedule or remove shifts for security personnel, including: cancelling security personnel from scheduled shifts for violations; terminating security personnel for failure to accept posted shifts; and changing scheduled shifts to a different location without any notice.

35. Plaintiffs and those similarly situated did not have the opportunity for profit or loss based on managerial skill or entrepreneurial investment.

36. Plaintiffs and those similarly situated did not make any investments that were capital or entrepreneurial in nature nor did they make any investments that supported any independent business or serve a business-like function.

37. The employment between Plaintiffs and those similarly-situated and Defendants was indefinite in duration, continuous, and exclusive of work for other employers.

38. At all times relevant to the Complaint, Plaintiffs and those similarly situated were economically dependent on Defendants.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring the First Count on behalf of themselves, and all similarly situated current and former security personnel employed by Defendants throughout the United States, during the three years prior to the filing of this lawsuit and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

40. At all relevant times, Plaintiffs and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiffs and the FLSA Collective overtime wages for all hours worked over 40 hours. Plaintiffs' claims are essentially the same as those of the FLSA Collective.

41. Defendants' unlawful conduct is pursuant to a company policy or practice. Defendants knew or should have known that federal law required them to pay employees overtime wages for all hours worked over 40 hours.

42. Defendants' unlawful conduct has been widespread, repeated, and consistent. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

43. The FLSA Collective members are readily identifiable and ascertainable from payroll records in Defendants' possession. In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective, Plaintiffs will request payment of a service

award upon resolution of this action.

## CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW

44. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former security personnel employed by Defendants in the Commonwealth of Kentucky and between the date three years prior to the filing of the original complaint and the date of final judgment in this matter.

(the "Kentucky Rule 23 Class").

45. Plaintiffs are members of the Kentucky Rule 23 Class they seek to represent.

46. During the applicable timeframe, Defendants have employed hundreds of individuals as security personnel in Kentucky. Thus, the Kentucky Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

47. Plaintiffs and the members of the Kentucky Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Defendants paid Plaintiffs and the members of the Kentucky Rule 23 Class they seek to represent in the same manner and pursuant to the same policies. As a result, the Missouri Rule 23 Class shares several factual and legal questions.

48. Plaintiffs' claims are typical of the claims of the Kentucky Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the overtime wage requirements of the KWHA was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally to all of their security personnel, including Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the Kentucky Rule 23 Class.

49. Plaintiffs will fairly and adequately represent and protect the interests of the Kentucky Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with

the Kentucky Rule 23 Class and Plaintiffs have no interests that conflict with those of the Kentucky Rule 23 Class. Furthermore, Plaintiffs have retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

50. By failing to pay security personnel all required overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Kentucky Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## CLASS ACTION ALLEGATIONS UNDER MISSOURI LAW

51. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former security personnel employed by Defendants in the State of Missouri and between the date three years prior to the filing of the original complaint and the date of final judgment in this matter.

(the "Missouri Rule 23 Class").

52. Plaintiffs are members of the Missouri Rule 23 Class they seek to represent.

53. During the applicable timeframe, Defendants have employed hundreds of individuals as security personnel in Missouri. Thus, the Missouri Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

54. Plaintiffs and the members of the Missouri Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Defendants paid Plaintiffs and the members of the Missouri Rule 23 Class they seek to represent in the same manner and pursuant to the same policies. As a result, the Missouri Rule 23 Class shares several factual and legal

questions.

55. Plaintiffs' claims are typical of the claims of the Missouri Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the overtime wage requirements of Missouri law was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally to all of their security personnel, including Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the Missouri Rule 23 Class.

56. Plaintiffs will fairly and adequately represent and protect the interests of the Missouri Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with the Missouri Rule 23 Class and Plaintiffs have no interests that conflict with those of the Missouri Rule 23 Class. Furthermore, Plaintiffs have retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

57. By failing to pay security personnel all required overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Missouri Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME WAGE REQUIREMENTS OF THE FLSA

58. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

59. At all time relevant to this Complaint, Plaintiffs and the FLSA Collective performed work for Defendants and did so over 40 hours a week.

60. Defendants violated the requirements of the FLSA by failing the pay Plaintiffs and the FLSA Collective overtime wages for all weeks in which they worked over 40 hours.

61. Further, Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA Collective at a rate of one and one-half times their regular pay rate when Plaintiffs and the FLSA Collective worked over 40 hours in one or more individual weeks.

62. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiffs and the FLSA Collective.

63. Plaintiffs and the FLSA Collective have been damaged by Defendants' willful failure to pay overtime wages as required by law.

64. Plaintiffs and the FLSA Collective are seeking to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT II
## VIOLATION OF THE OVERTIME WAGE REQUIREMENTS OF THE KWHA

65. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

66. At all times relevant to this Complaint, Defendants have been and continue to be an "employer" within the meaning of the KWHA.

67. At all times relevant to this Complaint, Defendants have employed, and continue to employ, "employees", including Plaintiffs, within the meaning of the KWHA.

68. Plaintiffs are nonexempt employees of Defendants within the meaning of the KWHA.

69. Pursuant to the KWHA., the Defendants were required to pay Plaintiffs and the

members of the Kentucky Rule 23 Class they seek to represent overtime wages, when due, for all hours of work over 40 hours at hourly rates one and one-half times their regular pay rate.

70. The foregoing conduct, as alleged, constitutes willful violations of the KWHA.

71. As set forth above, the Plaintiffs and the putative class members have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs on behalf of themselves and those they seek to represent, seek to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

## COUNT III
## VIOLATION OF THE OVERTIME WAGE REQUIREMENTS OF THE MMWL

72. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

73. At all times relevant to this Complaint, Defendants have been and continue to be an "employer" within the meaning of the MMWL.

74. At all times relevant to this Complaint, Defendants have employed, and continue to employ, "employees", including Plaintiffs, within the meaning of the MMWL.

75. Pursuant to the MMWL., the Defendants were required to pay Plaintiffs and the members of the Missouri Rule 23 Class they seek to represent overtime wages, when due, for all hours of work over 40 hours at hourly rates one and one-half times their regular pay rate.

76. The foregoing conduct, as alleged, constitutes willful violations of the MMWL.

77. As set forth above, the Plaintiffs and the putative class members have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs on behalf of themselves and those they seek to represent, seek to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23;

C. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

D. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to all putative class members;

E. A finding that Defendants have violated the FLSA, KWHA, MMWL;

F. A finding that Defendants' FLSA, KWHA, MMWL violations are willful;

G. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA, KWHA, and MMWL;

H. Prejudgment interest to the fullest extent permitted under the law;

I. Liquidated damages to the fullest extent permitted under the FLSA, KWHA, MMWL;

J. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, KWHA, MMWL and the Federal Rules of Civil Procedure; and,

K. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

                Respectfully submitted,

                /s/ Tyler Larson
                Tyler Larson- KBA No. 97273
                THE LAW OFFICE OF TYLER LARSON PLC
                1041 Goss Avenue
                Louisville, Kentucky 40217
                (502) 855-4188
                tyler@larsonlawky.com

                J. Chris Sanders- KBA No. 82663
                BAHE, COOK, CANTLEY & NEFZGER PLC (Of Counsel)
                1041 Goss Avenue
                Louisville, KY 40217
                Telephone: (502) 587-2002
                csanders@bccnlaw.com
                *Attorneys for Plaintiffs*